IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-22-BO

| | |
|---|---|
| S&R GRANDVIEW, LLC,<br>Appellant, | )<br>)<br>) |
| v. | )   ORDER<br>) |
| MAXINE GARNER and FIRST BANK,<br>Appellees. | )<br>)<br>) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on S&R Grandview's appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of October 4, 2013, granting motion dismiss case. First Bank has moved to dismiss this appeal, and, for the reasons discussed below, First Bank's motion to dismiss is granted.

BACKGROUND

Appellant, proceeding *pro se*, noticed an appeal of an order of the Bankruptcy Court for the Eastern District of North Carolina dismissing its voluntary petition under Chapter 11 of the Bankruptcy Code. The bankruptcy court found that Donald J. Rhine is not authorized under the terms of appellant's operating agreement or under North Carolina law to file a petition on behalf of appellant. [DE 1].

On October 16, 2013, Donald Rhine noticed an appeal of the bankruptcy court's order dismissing the Chapter 11 petition filed on behalf of appellant. Once the appeal was properly before this Court, appellee First Bank moved to dismiss the appeal on two grounds. First, because appellant has appeared in this appeal without an attorney duly licensed to practice before

this Court, and second, because even if appellant had appeared through counsel, Rhine does not have authority to act on behalf of appellant and thus cannot assert this appeal. Appellant has failed to respond to the motion to dismiss.

## DISCUSSION

A corporation may not appear *pro se* in federal district court or in the bankruptcy courts. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Terry v. Sparrow*, 328 B.R. 442, 446 (M.D.N.C. 2005) (*pro se* appeal of bankruptcy order on behalf of corporation must be dismissed). Appellant has noticed its appeal through a general manager, Donald Rhine, who does not appear to be an attorney licensed to practice in this or any other court, and no duly licensed counsel has filed a notice of appearance on behalf of appellant since the appeal was filed. For this reason alone, the appeal must be dismissed.

The Court further considers appellee's second argument and finds that it also establishes a proper basis for dismissal. In its order, the bankruptcy court found that the specific terms of appellant's operating agreement provided that Rhine, acting purportedly on behalf of appellant as its general manager, could not pursue a voluntary Chapter 11 bankruptcy petition. Specifically, Rhine lacked approval of the majority of appellant's members to make decisions regarding the disposition of assets. Appellee Garner, who is a second appointed manager of appellant, has not consented to Rhine's actions in the bankruptcy court, nor has Rhine demonstrated that he has approval to act as evidenced by a majority vote of greater than sixty-percent of the sharing ratio. [DE 3 at 16;171]; [DE 1 at 5]. Moreover, Rhine has been prohibited from acting on behalf of appellant on his own accord by three orders of the North Carolina State Courts. [DE 3 at 176-77; 151; 152]. As Rhine has not demonstrated that any of these prior restraints on his ability to notice an appeal of an order of the bankruptcy court on behalf of appellant have been lifted, nor

has he alleged that he has the requisite approval from a majority of appellant's members to so act, he is without standing to notice an appeal to this Court and the action must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, appellee's motion to dismiss [DE 10] is GRANTED and this appeal from the Bankruptcy Court for the Eastern District of North Carolina is DISMISSED.

SO ORDERED, this __1__ day of May, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE